UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Sheila Kennedy, )
)
    Plaintiff, )
) Case: 1:16-cv-02125  Jury Demand
v. ) Assigned To : Unassigned
) Assign. Date : 10/25/2016
Joseph H. Boardman *et al.*, ) Description: Pro Se Gen. Civil (F Deck)
)
    Defendants. )

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted an *in forma pauperis* application and a complaint arising from her former employment with Amtrak. For the reasons explained below, the Court will grant plaintiff's application and will dismiss the case because certain claims are procedurally barred and any remaining claims are inadequately pled.

Under the doctrine of *res judicata*, a final judgment on the merits in one action "'bars a second suit involving the same parties or their privies based on the same cause of action.'" *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, n.5 (1979)). "Broadly speaking, '[a] privy is one [who is] so identified in interest with a party to the former litigation that he or she represents precisely the same legal right in respect to the subject matter of the case,'" *Herrion v. Children's Hosp. Nat. Med. Ctr.*, 786 F. Supp. 2d 359, 371 (D.D.C.) (quoting *Smith v. Jenkins*, 562 A.2d 610, 615 (D.C. 1989)), and the same cause of action turns on whether the cases "share the same 'nucleus of facts,'" *Drake*, 291 F.3d at 66. *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Id.* (emphasis in original) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

1

Consequently, "a party cannot escape application of the doctrine by raising a different legal theory or seeking a different remedy in the new action that was available to her in the prior action." *Duma v. JPMorgan Chase*, 828 F. Supp. 2d 83, 86-87 (D.D.C. 2011) (citing *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004)).

Although *res judicata* is an affirmative defense that typically must be pled, courts "may raise the *res judicata* preclusion defense *sua sponte*," *Rosendahl v. Nixon*, 360 Fed.App'x. 167, 168 (D.C. Cir. 2010) (citing *Arizona v. California*, 530 U.S. 392, 412-13 (2000); *Brown v. D.C.*, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008)), and a "district court may apply *res judicata* upon taking judicial notice of [a] [party's] previous case," *Tinsley v. Equifax Credit Info. Serv's, Inc.*, No. 99-7031, 1999 WL 506720 (D.C. Cir. June 2, 1999) (per curiam) (citing *Gullo v. Veterans Cooperative Housing Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam)).

Plaintiff invokes Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. §§ 1981, 1983, 1985 and 1986; the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.*; and the D.C. Human Rights Act, D.C. Code § 21401.01 *et seq*. See Compl. at 2. Plaintiff's claims are captioned as follows: Count I-Sexual Harassment (Title VII); Count II-Hostile Work Environment (Title VII); Count III-Hostile Work Environment (D.C. Human Rights Act); Count IV-Retaliation (D.C. Human Rights Act); Count V-Retaliation (Title VII); Count VI Construction Termination (Violation of Public Policy). Those claims are based on the same events that allegedly began in 2009 and formed the basis of plaintiff's previous case where Amtrak prevailed on summary judgment. *See Kennedy v. Nat'l R.R. Passenger Corp.*, 139 F. Supp. 3d 48, 51, 67 (D.D.C. 2015) (granting Amtrak's motion for summary judgment "on the plaintiff's claims of sexual harassment, hostile work environment and retaliation" arising under Title VII and the D.C. Human Rights Act); *cf. with* Compl. at 6 (placing time of employment

with Amtrak between April 2008 and July 2012). Therefore, plaintiff's claims are procedurally barred and cannot be litigated anew.

Unlike in the prior complaint, plaintiff includes as defendants to this action each party's counsel of record in the prior case. Plaintiff's counsel withdrew his appearance "due to 'irreconcilable differences' shortly before the date that Amtrak's motion for summary judgment was due." *Kennedy*, 139 F. Supp. 3d at 51, n.1. Plaintiff has not alleged facts establishing any wrongdoing by the individual defendants and stated a basis of potential liability. As to those defendants, plaintiff has failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Consequently, this case will be dismissed in its entirety. A separate order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: October 20, 2016